UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALEXANDER HOPKINS            CIVIL ACTION

VERSUS

COMMISSIONER OF SOCIAL
SECURITY            NO. 22-00860-BAJ-EWD

### RULING AND ORDER

Before the Court is Plaintiff Alexander Hopkins's Complaint seeking judicial review of the Social Security Administration's final decision denying his application for Disability Insurance Benefits. (Doc. 1). Defendant Commissioner of Social Security filed a Memorandum in Opposition to Plaintiff's Brief (Doc. 13). In response, Plaintiff filed a Reply Brief. (Doc. 16).

The Magistrate Judge issued a **Report and Recommendation (Doc. 17, the "R&R")**, recommending that the Court affirm the Commissioner's decision and dismiss Plaintiff's Complaint, with prejudice. Plaintiff timely objected to the R&R. (Doc. 18). Defendant timely responded to Plaintiff's objection. (Doc. 19).

On de novo review, and having carefully considered Plaintiff's Complaint, the administrative record, Plaintiff's memorandum in opposition to Defendant's Brief, and related filings, the Court **APPROVES** the R&R and **ADOPTS** it as the Court's opinion in this matter, subject to the following:

Section 405(g) of the United States Code limits judicial review of the Commissioner's decision regarding Social Security benefits to two inquiries: (1)

1

whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *See Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). The Court cannot reweigh the evidence or substitute its judgment for the Commissioner's judgment, even in the event of evidentiary conflict or uncertainty. *See id.* After conducting a thorough analysis, the Magistrate Judge determined that substantial evidence supports the Commissioner's decision to deny Plaintiff's application for disability insurance benefits, and that the Commissioner applied the proper legal standards. (Doc. 17, p. 7,10). Thus, Plaintiff's appeal must be dismissed.

In his objection to the R&R, Plaintiff assigns two errors: First, that the Magistrate Judge erred in concluding that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence because the ALJ erred by rejecting the testimony of two physicians in determining Plaintiff's mental status before he reached the age of twenty-two. Moreover, Plaintiff asserts that in reaching his decision, the ALJ substituted his own lay opinions, which are unsupported by any medical opinion, for those of Plaintiff's physicians. (Doc. 18 at p. 2). Second, Plaintiff claims that the Magistrate Judge erred in failing to apply the Social Security Administration's rules on drug and alcohol abuse under SSR 13-2P. (*Id.* at p. 6).

Plaintiff's first assignment is without merit because it concerns the ALJ's weighing of the evidence, and the Court does not reweigh the evidence. *See Garcia*, 880 F.3d at 704. Plaintiff's second assignment of error—whether the ALJ accurately attributed Plaintiff's bipolar disorder to drug abuse before he was twenty-two—

deserves closer attention because it implicates whether the ALJ applied the correct legal standard, a reviewable issue under Section 405(g). *Id.*

"In evaluating cases that 'include evidence from acceptable medical sources . . . establishing that [drug/alcohol abuse (DAA)] is a medically determinable impairment(s), (MDI)' a determination must first be made as to whether a claimant is disabled considering all MDIs (including DAA)." *See Ellis v. Saul,* No. CV 20-329-BAJ-EWD, 2021 WL 4484561 (M.D. La. Sept. 7, 2021), *report and recommendation adopted,* No. CV 20-00329-BAJ-EWD, 2021 WL 4483062 (M.D. La. Sept. 29, 2021).

The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether the Social Security Administration would still find a claimant disabled if he or she stopped using drugs or alcohol. *See* Soc. Sec. Ruling, SSR 13-2p.; Titles II & XVI: *Evaluating Cases Involving Drug Addiction & Alcoholism (DAA)*, SSR 13-2P (S.S.A. Feb. 20, 2013). *See also (Riley v. Kijakazi,* No. CV 3:21-00750, 2022 WL 4230247 (W.D. La. Aug. 29, 2022), *report and recommendation adopted,* No. CV 3:21-00750, 2022 WL 4227881 *9 (W.D. La. Sept. 13, 2022). The Commissioner will evaluate which mental or physical limitations would remain in the absence of the use of drugs or alcohol, and whether said limitations would be disabling. *See* 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). "If the claimant's limitations in the absence of drug or alcohol use are not limiting, then DAA would be considered a material factor to the disability determination and thus, an award of benefits are barred by the Act." (Doc. 13 at p. 8).

Here, the ALJ found that Plaintiff did not have a disability prior to reaching

3

the age of twenty-two, specifically that Plaintiff was not diagnosed with bipolar disorder until he was twenty-three years of age. (Doc. 17 at p. 10).

The ALJ concluded that the Plaintiff's *only* possible medically determinable psychiatric disorder was a substance abuse disorder. (*Id*). Plaintiff asserts that the psychiatric impairments he suffered were present in the absence of drugs and alcohol. He bases his argument on two points: (1) the award of his Supplemental Security benefits in 2020, and (2) his father's testimony that although Plaintiff was sober since 2015, he still continues treatment because he "sees people talking to him and telling him to harm himself despite strong anti-schizophrenic drugs and numerous hospitalizations." (Doc. 18 at p. 7).

The ALJ did not ignore the fact that Plaintiff's substance use disorder was not a contributing factor material to Plaintiff's disability determination as of July 2022 because medical evidence since 2020 has shown that his substance abuse was in remission. (Doc. 13 at p. 8) *citing* (Tr. 20, finding no. 7). Thus, the award of Plaintiff's Supplementary Security benefits is proper, but not a determinative factor here. The key difference here is that a determination could not be made as to Plaintiff's mental limitations before the age of twenty-two because Plaintiff's bipolar disorder first manifested itself in December 2011, which was *after* Plaintiff turned twenty-two years of age. (Doc. 19 at p. 1). He was diagnosed with bipolar disorder at the age of twenty-three.

During Plaintiff's period of sobriety in May of 2011, he reported that "he was able to complete his course work for the semester and "pursued referral to a

4

psychiatrist and a group counseling program to maintain his sobriety." (Doc. 17 at p. 10) citing (Tr. 1908). However, the Commissioner did not find Plaintiff disabled before the age of twenty-two because he did not abstain from drug use long enough to make such a determination. *See Vanacor v. Kijakazi,* No. 22-1325, 2023 WL 3939783, *10 (E.D. La. March 9, 2023) ("Pursuant to SSR 13-2p, periods of abstinence may be considered evidence of whether DAA is material in cases involving co-occurring mental disorders, so long as the 'claimant is abstinent long enough to allow the acute effects of drugs or alcohol abuse to abate.'"). Moreover, Dr. Thome, who treated Plaintiff from ages 15-17, testified that "Plaintiff's behavior suggested that he might be bipolar, but a diagnosis could not be made until Plaintiff was sober for a certain period." (Doc. 17 at p. 9).

Indeed, Plaintiff's own father testified that, "Plaintiff did not fully abstain from hard drug use until 2015 and from alcohol until 2018 or 2019—five and eight years, respectively after Plaintiff was twenty-two years old." (Doc. 17 at p. 14). Simply put, Plaintiff did not abstain from drugs long enough before the age of twenty-two for the Commissioner to determine whether which mental or physical limitations would remain after the absence of drug and or alcohol use. In this light, there is a discernible "logic bridge" between the evidence and the ALJ's persuasiveness finding, which is all that is required under the Social Security Act. *Pearson*, 2021 WL 3708047, at *5. Put differently, the ALJ provided enough explanation for the Court to conduct a meaningful review and to conclude that the ALJ's finding was supported by substantial evidence.

5

Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of the Social Security Administration is **AFFIRMED** in accordance with 42 U.S.C. § 405(g), and that this appeal is **DISMISSED WITH PREJUDICE.**

Judgement shall be entered separately.

Baton Rouge, Louisiana, this 21st day of December, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**